**Glenn H. ZACHER, Petitioner,**

v.

**J.W. TIPPY, Respondent.**

**No. CIV.98–1651(DSD/AJB).**

United States District Court,
D. Minnesota.

Oct. 29, 1998.

Glenn H. Zacher, Waseca, MN, Pro se.

Alison E. Vander Vort, U.S. Attorney, Minneapolis, MN, for J. W. Tippy, defendant.

### ORDER

DOTY, District Judge.

This matter is before the court on the Report and Recommendation of United States Magistrate Judge Arthur J. Boylan dated October 8, 1998. In his report, the magistrate judge recommended that petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2241 be dismissed without prejudice due to petitioner's failure to exhaust his administrative remedies. Petitioner has filed objections, claiming that his administrative remedies have now been ex-

---

hausted and the court should examine his petition on the merits.[1]

The basis for petitioner's application for habeas corpus relief is the decision of the Bureau of Prisons to deny him eligibility for early release consideration pursuant to 18 U.S.C. § 3621(e)(2)(B). Although petitioner successfully completed a residential drug abuse treatment program, the Bureau of Prisons determined that a prior misdemeanor conviction for assault with a dangerous weapon rendered petitioner ineligible for early release.

When Magistrate Judge Boylan made his recommendation to dismiss petitioner's application for habeas corpus relief without prejudice, the Bureau of Prisons had not yet finished its administrative review of petitioner's claim. With his objections, however, petitioner has submitted what appears to be a final administrative decision of the Bureau of Prisons Central Office in Washington, D.C., dated October 8, 1998, denying him early release. It thus appears that petitioner's application for habeas relief is properly before the court, and may be dealt with on the merits.

As an incentive to prisoners to successfully complete a drug treatment program:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term of the prisoner must otherwise serve.

18 U.S.C. § 36321(e)(2)(B). The Program Statement issued by the Bureau of Prisons provides that the following prisoners are not eligible for early release even after completing a drug treatment program: INS detainees, pretrial inmates, contractual boarders, inmates whose current offense is determined to be a crime of violence as defined in 18 U.S.C. § 924(c)(3), inmates who have a prior conviction for homicide, forcible rape, robbery, or aggravated assault, and inmates who are not eligible for participation in a community-based program as determined by the Warden on the basis of his or her professional discretion. Program Statement, Exhibit H to Declaration of Dan Eckhart (Docket No. 7) at § 6.1. *See also* 28 C.F.R. § 550.58. As is clear from the regulation and program statement, as subsequently modified, a prior conviction for aggravated assault need not be a felony to disqualify a prisoner from consideration for early release.

Defendant was convicted of Assault with a Deadly Weapon and sentenced on March 10, 1986, in Laguna Nigel, California to 24 months informal probation. *See* Presentence Investigation Report, Exhibit D to Declaration of Dan Eckhart (Docket No. 7) at ¶ 25. The summary of that offense indicates that

> the defendant and another individual went to the residence of James Nelson, then age 25, and beat him because they though that he had stolen some drugs from Zacher's residence. The beating of the victim, according to police reports, was very serious, and the victim was told by Zacher that the victim's house would be fire-bombed, and that the victim would be killed if he did not "get it back within 24 hours."

*Id.* The Bureau of Prisons utilizes the definition of "aggravated assault" promulgated by the FBI Uniform Crime Reporting Database. There, "aggravated assault" is defined as an unlawful attack by one person upon another for the purpose of inflicting severe or aggravated bodily injury, and is usually accompanied by the use of a weapon or by means likely to produce death or great bodily harm. *See* Exhibit M to Declaration of Dan Eckhart. Because petitioner's California conviction falls within this definition, petitioner was informed that he does not qualify to participate in the residential drug treatment pro-

---

1. The magistrate judge, by separate order dated October 8, 1998, also denied the motions of petitioner for requests for admissions and production of documents and for court appointed counsel. While petitioner in his objections asks the court to reconsider the denial of these motions, the court finds that the decision of the magistrate judge on these matters is neither clearly erroneous nor contrary to law. The order of the magistrate judge dated October 8, 1998, denying petitioner's motions for requests for admissions and production of documents and for appointment of counsel is therefore affirmed.

gram's early release component.[2]

The court finds that the decision of the Bureau of Prisons that petitioner's prior conviction in California of Assault with a Deadly Weapon qualifies as an aggravated assault is within that agency's discretion and is neither arbitrary nor capricious. California law provides that "[a]ny person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury" is guilty of an offense punishable by up to four years in prison. West Annotated California Penal Code § 245(a)(1), Exhibit F to Declaration of Dan Eckhart. The court finds that petitioner's conduct as described in the presentence investigation report falls within both the California Penal Code's definition of assault and the definition utilized by the Bureau of Prisons in determining eligibility for early release. The mere fact that petitioner's assault conviction was labeled a misdemeanor is immaterial, and the court agrees with the Bureau of Prisons that petitioner is disqualified from consideration for early release under 18 U.S.C. § 3621(e)(2)(B). Because none of petitioner's other grounds for relief state an actionable claim, the application for habeas relief now before the court must be denied on its merits.

Therefore, based on a review of the file, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Order of United States Magistrate Judge Arthur J. Boylan dated October 8, 1998, denying petitioner's discovery requests for admissions and production of documents and motion for court appointed counsel is affirmed;

2. In light of the final decision of the Bureau of Prisons denying petitioner relief, the Recommendation of United States Magistrate Judge Arthur J. Boylan dated October 8, 1998, is moot;

3. Petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2241 is dismissed with prejudice.

2. The court notes that petitioner was informed on several earlier occasions that he did qualify for the early release program.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**